**Michael THOMAS, Appellant**

v.

**Andrew J. JARBOLA, III; Mary Anne Grippo, Assistant District Attorney.**

No. 05–1594.

United States Court of Appeals, Third Circuit.

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B) July 14, 2005.

Decided July 27, 2005.

Michael Thomas, Albion, PA, pro se.

Before SLOVITER, FUENTES and NYGAARD, Circuit Judges.

## OPINION

### PER CURIAM

Michael Thomas appeals from the District Court's order dismissing his complaint under 28 U.S.C. § 1915(e)(2). We conclude that the District Court's decision was proper, and, therefore, will dismiss this appeal pursuant to 28 U.S.C. § 1915(e).

Thomas is currently an inmate at the Lackawanna County Prison. In this § 1983 complaint, he alleges that Lackawanna County District Attorney Andrew Jarbola and Lackawanna County Assistant District Attorney Mary Anne Grippo violated his Fifth, Sixth, and Fourteenth Amendment rights. Thomas bases his claim on an alleged conspiracy among ADA Grippo, DA Jarbola, the Probation Department, his public defender and Honorable Vito P. Geroulo, who presided over Thomas' criminal case.[1] He claims the defendants conspired to have his public defender terminate representation and manipulated the recommendation of the presentence report in retaliation for his attempt to withdraw his guilty plea. Thomas also claims that ADA Grippo and Judge Geroulo conspired to misrepresent the maximum penalty for his offense and withheld the pre-sentence report from him. Thomas seeks compensatory and punitive damages.

On January 25, 2005, the District Court adopted the Magistrate Judge's Report and Recommendation and dismissed Thomas' complaint pursuant to 28 U.S.C. § 1915(e)(2). Thomas filed this timely appeal.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We may dismiss this appeal pursuant to 28 U.S.C. § 1915(e)(2)(B) if it has no arguable basis in law. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Defendant Grippo is immune from suit for monetary damages because she was acting within the scope of her duties. *See Imbler v. Pachtman*, 424 U.S. 409, 420, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976). Thomas fails to state a claim as to defendant Jarbola because there is no respondeat superior liability in § 1983 actions. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir.1988). Thomas also failed to allege any racial or otherwise class-based animus on the part of either defendant. *See* 42 U.S.C. § 1985(3); *United Bhd. of Carpenters & Joiners of Am. v. Scott*, 463 U.S. 825, 103 S.Ct. 3352, 77 L.Ed.2d 1049 (1983). To the extent Thomas is attempting to have the defendants removed from office, we agree that there is no basis for providing such relief in this civil rights action. *See* 16 Pa. Stat. Ann. tit. 16, § 1405(b) (West 2001).

For the foregoing reasons, we will dismiss this appeal pursuant to § 1915(e)(2).

---

1. Thomas does not name the Probation Department, his public defender or Judge Geroulo as a defendant in this case. We agree with the Magistrate Judge that any claim against them would be properly dismissed.